IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PHYLLIS HORACE,                                )
                                               )
            Plaintiff,                         )
                                               )
vs.                                            )              CASE NUMBER:
                                               )              3-08-cv-01019
LASALLE BANK NATIONAL                          )
ASSOCIATION, AS TRUSTEE FOR                    )
CERTIFICATE HOLDERS OF BEAR                    )
STEARNS ASSET BACKED SECURITIES                )
I LLC, ASSET BACKED CERTIFICATES,              )
SERIES 2006-EC2; BEAR STEARNS                  )
ASSET BACKED SECURITIES I LLC,                 )
ASSET BACKED CERTIFICATES, SERIES              )
2006-EC2; MORTGAGE ELECTRONIC                  )
REGISTRATION SYSTEMS, INC.; ENCORE             )
CREDIT CORPORATION; EMC MORTGAGE               )
COMPANY; BANK OF AMERICA, et al.,              )
                                               )
            Defendants.                        )

**ANSWER AND AFFIRMATIVE DEFENSES OF LASALLE BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR CERTIFICATES HOLDERS OF BEAR STEARNS
ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES
2006-EC2; BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED
CERTIFICATES, SERIES 2006-EC2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; EMC MORTGAGE COMPANY; AND BANK OF AMERICA,
NATIONAL ASSOCIATION**

            COME NOW, Lasalle Bank National Association, as Trustee for Certificates

Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-

EC2; Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2;

Mortgage Electronic Registration Systems, Inc.; EMC Mortgage Company; and Bank of

America, National Association[1] (collectively, the "Defendants")[2], and file this Answer and

---

[1]        Incorrectly named in the Complaint as simply Bank of America.

[2]        The undersigned is currently representing all of the named Defendants with the exception of Encore Credit
Corporation which purportedly originated the loan-in-question.

Affirmative Defenses to the Complaint filed by Phyllis Horace ("Plaintiff" or "Horace") in the above-referenced matter.  Please note that the Defendants previously filed this Answer in the state court action on or about December 23, 2008 and they then attached it as an Exhibit to their Consent to Removal which was filed on or about December 29, 2008.  Nevertheless, in order to avoid any confusion, the Defendants re-file their Answer.  In support thereof, Defendants state as follows:

## STATEMENT OF THE PARTIES

1.      Upon information and belief, Defendants admit the allegations contained in Paragraph 1.

2.      Defendants admit that Lasalle Bank is a foreign corporation doing business in Russell County, Alabama.  Defendants, however, deny the remaining allegations contained in Paragraph 2 and demand strict thereof.

3.      Defendants admit the allegations in general in Paragraph 3 of the Complaint.

4.      Admit.

5.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 and demand strict proof thereof.

6.      Defendants admit the allegations contained in Paragraph 6 in general. Defendants do state, however, that they are without sufficient information at this time to admit whether they were the servicer "at all times material hereto".

7.      Defendants admit that Bank of America acquired Lasalle Bank and that it operated in this county.  Defendants, however, are without sufficient information to either admit or deny the remaining allegations contained in Paragraph 7 and demand strict proof thereof.

## JURISDICTION

8.      Defendants admit that this Court can have jurisdiction over this action by virtue of the property's location. Defendants, however, deny the remaining allegations contained in Paragraph 8 and specifically deny that this action is in the nature of counterclaim. Defendants filed no judicial action but merely initiated a *non-judicial foreclosure.*

## VENUE

9.      Defendants admit that venue is proper in this Court but deny that they committed any wrongs in this matter.

## STATEMENT OF FACTS

10.     Admit.

11.     Admit.

12.     Admit.

13.     Defendants deny the allegations contained in Paragraph 13 and demand strict proof thereof.

14.     Defendants deny the allegations contained in Paragraph 14 and demand strict proof thereof.

15.     Defendants deny the allegations contained in Paragraph 15 and demand strict proof thereof.

16.     Defendants deny the allegations contained in Paragraph 16 and demand strict proof thereof.

17.     Defendants deny the allegations contained in Paragraph 17 and demand strict proof thereof.

18.    Defendants deny the allegations contained in Paragraph 18 and demand strict proof thereof.

19.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 19 and demand strict proof thereof.

20.    Defendants deny the allegations contained in Paragraph 20 and demand strict proof thereof.

21.    Defendants deny the allegations contained in Paragraph 21 and demand strict proof thereof.  More specifically, the Defendants state that the note, not the mortgage, was sold to this entity.

22.    This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 22 and demand strict proof thereof.

23.    This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 23 and demand strict proof thereof.

24.    This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 24 and demand strict proof thereof.

25.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 25 and demand strict proof thereof.

26.    Defendants deny the allegations contained in Paragraph 26 and demand strict proof thereof.

27.    This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 27 and demand strict proof thereof.

28.    Defendants deny the allegations contained in Paragraph 28 and demand strict proof thereof.

29.   Defendants deny the allegations contained in Paragraph 29 and demand strict proof thereof.

30.   This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 30 and demand strict proof thereof.

31.   Defendants deny the allegations contained in Paragraph 31 and demand strict proof thereof.

32.   Defendants deny the allegations contained in Paragraph 32 and demand strict proof thereof.

33.   Defendants deny the allegations contained in Paragraph 33 and demand strict proof thereof.

34.   Defendants deny the allegations contained in Paragraph 34 and demand strict proof thereof.

35.   Defendants deny the allegations contained in Paragraph 35 and demand strict proof thereof.

36.   Defendants deny the allegations contained in Paragraph 36 and demand strict proof thereof.

37.   Defendants deny the allegations contained in Paragraph 37 and demand strict proof thereof.

38.   Defendants deny the allegations contained in Paragraph 38 and demand strict proof thereof.

39.   Defendants deny the allegations contained in Paragraph 39 and demand strict proof thereof.

40.     Defendants deny the allegations contained in Paragraph 40 and demand strict proof thereof.

41.     Defendants deny the allegations contained in Paragraph 41 and demand strict proof thereof.

42.     Defendants deny the allegations contained in Paragraph 42 and demand strict proof thereof.

43.     Defendants deny the allegations contained in Paragraph 43 and demand strict proof thereof.

44.     This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 44 and demand strict proof thereof.

45.     This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 45 and demand strict proof thereof.

46.     This averment requires no response from the Defendants.  To the extent it does, Defendants deny the allegations contained in Paragraph 46 and demand strict proof thereof.

47.     Defendants deny the allegations contained in Paragraph 47 and demand strict proof thereof.

48.     Defendants deny the allegations contained in Paragraph 48 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES TO THE UNDERLYING FORECLOSURE ACTION

Defendants deny that they had filed any judicial action or otherwise invoked the Court's jurisdiction when a *non-judicial foreclosure* was initiated (and subsequently canceled). Accordingly, the Plaintiff's lawsuit is not in the nature of a counterclaim.

49.     Defendants deny the allegations contained in Paragraph 49 and demand strict proof thereof.

50.     Defendants deny the allegations contained in Paragraph 50 and demand strict proof thereof.

51.     Defendants deny the allegations contained in Paragraph 51 and demand strict proof thereof.

52.     Defendants deny the allegations contained in Paragraph 52 and demand strict proof thereof.

53.     Defendants deny the allegations contained in Paragraph 53 and demand strict proof thereof.

54.     Defendants deny the allegations contained in Paragraph 54 and demand strict proof thereof.

55.     Defendants deny the allegations contained in Paragraph 55 and demand strict proof thereof.

## COUNT ONE

## NEGLIGENT MORTGAGE SERVICING

56.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

57.     Defendants deny the allegations contained in Paragraph 57 and demand strict proof thereof.

58.     Defendants deny the allegations contained in Paragraph 58 and demand strict proof thereof.

59.     Defendants deny the allegations contained in Paragraph 59 and demand strict proof thereof.

60.     Defendants deny the allegations contained in Paragraph 60 and demand strict proof thereof.

## COUNT TWO

### WANTON MORTGAGE SERVICING

61.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

62.     Defendants deny the allegations contained in Paragraph 62 and demand strict proof thereof.

63.     Defendants deny the allegations contained in Paragraph 63 and demand strict proof thereof.

64.     Defendants deny the allegations contained in Paragraph 64 and demand strict proof thereof.

## COUNT THREE

### UNJUST ENRICHMENT

65.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

66.     Defendants deny the allegations contained in Paragraph 66 and demand strict proof thereof.

67.     Defendants deny the allegations contained in Paragraph 67 and demand strict proof thereof.

68.     Defendants deny the allegations contained in Paragraph 68 and demand strict proof thereof.

## COUNT FOUR

## WRONGFUL FORECLOSURE

69.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

70.     Defendants deny the allegations contained in Paragraph 70 and demand strict proof thereof.

71.     Defendants deny the allegations contained in Paragraph 71 and demand strict proof thereof.

72.     Defendants deny the allegations contained in Paragraph 72 and demand strict proof thereof.

## COUNT FIVE

## SUPPRESSION

73.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

40.     [This Paragraph is incorrectly numbered.]   Defendants     deny     the allegations contained in Paragraph 40 and demand strict proof thereof.

74.     Defendants deny the allegations contained in Paragraph 74 and demand strict proof thereof.

75.     Defendants deny the allegations contained in Paragraph 75 and demand strict proof thereof.

76.     Defendants deny the allegations contained in Paragraph 76 and demand strict proof thereof.

77.     Defendants deny the allegations contained in Paragraph 77 and demand strict proof thereof.

### COUNT SIX

### VIOLATION OF THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

78.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

79.     This statement is a legal conclusion to which no response is required.

80.     This statement is a legal conclusion to which no response is required.

81.     Defendants deny the allegations contained in Paragraph 81 and demand strict proof thereof.

82.     Defendants deny the allegations contained in Paragraph 82 and demand strict proof thereof.

83.     Defendants deny the allegations contained in Paragraph 83 and demand strict proof thereof.

### COUNT SEVEN

### BREACH OF CONTRACT

84.     Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

85.     This averment is ambiguous and vague as it references a third-party and the Defendants are unaware of any third-party to this litigation.   The Defendants do state,

however, that one or some of them are parties to a note and/or mortgage involving the Plaintiff's property.

86.    Upon information and belief, this averment is admitted.

87.    Defendants deny the allegations contained in Paragraph 87 and demand strict proof thereof.

88.    Defendants deny the allegations contained in Paragraph 88 and demand strict proof thereof.

89.    Defendants deny the allegations contained in Paragraph 89 and demand strict proof thereof.

90.    Defendants deny the allegations contained in Paragraph 90 and demand strict proof thereof.

## COUNT EIGHT

### NEGLIGENCE OR WANTONNESS PER SE

91.    Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

92.    Defendants deny the allegations contained in Paragraph 92 and demand strict proof thereof.

93.    Defendants deny the allegations contained in Paragraph 93 and demand strict proof thereof.

94.    Defendants deny the allegations contained in Paragraph 94 and demand strict proof thereof.

## COUNT NINE

## CIVIL CONSPIRACY

95.    Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

96.    Defendants deny the allegations contained in Paragraph 96 and demand strict proof thereof.

97.    Defendants deny the allegations contained in Paragraph 97 and demand strict proof thereof.

98.    Defendants deny the allegations contained in Paragraph 98 and demand strict proof thereof.

## COUNT TEN

## RESPONDEAT SUPERIOR

99.    Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

100.    Defendants deny the allegations contained in Paragraph 100 and demand strict proof thereof.

101.    Defendants deny the allegations contained in Paragraph 101 and demand strict proof thereof.

102.    Defendants deny the allegations contained in Paragraph 102 and demand strict proof thereof.

## COUNT ELEVEN

### NEGLIGENT HIRING, TRAINING AND SUPERVISION

103.    Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

104.    Defendants deny the allegations contained in Paragraph 104 and demand strict proof thereof.

105.    Defendants deny the allegations contained in Paragraph 105 and demand strict proof thereof.

106.    Defendants deny the allegations contained in Paragraph 106 and demand strict proof thereof.

## COUNT TWELVE

### JOINT VENTURER LIABILITY

As to the unnumbered and apparent partial statements preceding Paragraph 107, the Defendants deny the statements to the extent they seek any type of liability against the Defendants.

107.    Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

108.    Defendants deny the allegations contained in Paragraph 108 and demand strict proof thereof.

109.    Defendants deny the allegations contained in Paragraph 109 and demand strict proof thereof.

110.    Defendants deny the allegations contained in Paragraph 110 and demand strict proof thereof.

111.   Defendants deny the allegations contained in Paragraph 111 and demand strict proof thereof.

112.   Defendants deny the allegations contained in Paragraph 112 and demand strict proof thereof.

## COUNT THIRTEEN

## PETITION FOR AN EX PARTE TEMPORARY RESTRAINING ORDER

113.   Defendants readopt their answers to the preceding paragraphs as though fully set forth herein.

114.   This is a purported statement of law and requires no response.  To the extent it does and to the extent the statement is inconsistent with the law, it is denied.

115.   This is a purported statement of law and requires no response.  To the extent it does and to the extent the statement is inconsistent with the law, it is denied.

116.   This is a purported statement of law and requires no response.  To the extent it does and to the extent the statement is inconsistent with the law, it is denied.

117.   The Defendants admit that the foreclosure sale was published to occur on that date, however, it was canceled.

118.   Defendants deny the allegations contained in Paragraph 118 and demand strict proof thereof.

119.   Defendants deny the allegations contained in Paragraph 119 and demand strict proof thereof.

120.   Defendants deny the allegations contained in Paragraph 120 and demand strict proof thereof.

121.    Defendants deny the allegations contained in Paragraph 121 and demand strict proof thereof.

122.    Defendants deny the allegations contained in Paragraph 122 and demand strict proof thereof.

123.    Defendants deny the allegations contained in Paragraph 123 and demand strict proof thereof.

124.    Defendants deny the allegations contained in Paragraph 124 and demand strict proof thereof.

125.    Defendants deny the allegations contained in Paragraph 125 and demand strict proof thereof.

126.    Defendants deny the allegations contained in Paragraph 126 and demand strict proof thereof.

As to the unnumbered paragraph following Paragraph 126, Defendants deny the allegations contained therein and deny that the Plaintiff is entitled to the relief sought or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants specifically deny that they did not offer Plaintiff any loss mitigation options.  Defendants offered multiple repayment, modification, and/or other loss mitigation opportunities.

### SECOND AFFIRMATIVE DEFENSE

Defendants deny Plaintiff's allegations regarding lack of standing and the right to assign or foreclose the property.

## THIRD AFFIRMATIVE DEFENSE

Defendants deny that the Plaintiff's lawsuit is in the nature of a counterclaim. More specifically, the Defendants did not initiate any judicial action by filing a *non-judicial foreclosure*. As such, by operation of law, the current lawsuit cannot be a counterclaim but rather constitutes an original action.

## FOURTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff was current on her obligations. As of the filing of this answer, the Plaintiff was due for 10 payments or was due for the March 1, 2008 payment.

## FIFTH AFFIRMATIVE DEFENSE

Defendants plead any prior bankruptcy by the Plaintiff and/or other credit delinquencies in response to any allegation that Plaintiff's credit has been injured by Defendants' actions.

## SIXTH AFFIRMATIVE DEFENSE

Defendants deny that there is a recognized cause of action for an unsuitable loan in the State of Alabama or in any other jurisdiction.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants deny that any fiduciary duty or other duty that would result in liability exists between any of the Defendants and Plaintiff in connection with making the loan in question.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants cannot be liable for the rational employed by the Alabama Supreme Court in Flying J Fish Farm v. Peoples Bank of Greensboro (2008) since, among other things, it was the Plaintiff's decision to obtain the loan-in-question, there was no proof that

Plaintiff would default in the future on the loan, any loan approval policies were intended solely for the benefit of the lender, and the lender is not the insurer for the Plaintiff's financial decision.

### NINTH AFFIRMATIVE DEFENSE

All disclosures were provided to the Plaintiff pursuant to all state and federal laws including, but not limited to, the Truth In Lending Act, and the loan made to the Plaintiff was not in violation of any law, statutes, or local ordinance.

### TENTH AFFIRMATIVE DEFENSE

The liability Plaintiff seeks in this case would constitute a retroactive application of the law, at best, and thus would deprive Defendants of due process of law.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against the Defendants for which relief can be granted.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the defenses of waiver, laches, and accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendants contest the nature and amount of damages sought in the Complaint. Defendants deny that the Plaintiff is entitled to punitive damages or mental anguish damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants assert that the Plaintiff's claims for damages are barred or must be reduced because the Plaintiff has failed to mitigate her damages as required by law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants deny that their actions or omissions were the proximate cause of any injuries or damages suffered by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's alleged damages are barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The rights and obligations of the parties are controlled by the contractual agreements entered into between the parties, and to the extent any claims are made by the Plaintiff inconsistent with the contractual provisions, those claims are null and void and of no effect.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Parol Evidence Rule and the Statute of Frauds.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that Defendants have complied with all applicable regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to plead fraud with the degree of particularity required by Rule 9(b).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for fraudulent suppression fails as Plaintiffs can point to no material fact that was allegedly suppressed from Plaintiffs as the Plaintiffs were provided with numerous disclosures that adequately described the loan product in question.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

(a)     The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(b)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the fourteenth Amendment of the Untied States Constitution.

(c)     Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the fifth and fourteenth Amendments to the United States Constitution.

(d)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to any actual injury or harm.

(e)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f)    Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)    The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)    Plaintiff's claims for such damages, and the provisions of Alabama laws governing the right to recover such damages or the determination of damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any claim by Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling on the case of BMW v. Gore, 116 S.Ct. 1589 (1996).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering any punitive damages against Defendants for reason that the elements set forth under Ala. Code (1975) §6-11-27 cannot be satisfied by Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from recovering punitive damages in excess of those limits established by Ala. Code (1975) §6-11-21, as amended.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

By virtues of Ala. Code (1975) §6-11-20, punitive damages are not recoverable in this case.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claim for punitive damages, on its face and/or as applied in this case, is in violation of the Fifth Amendment of the Constitution of the United States; of the right to counsel provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and

Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

To the extent that punitive damages are imposed, they should not exceed the ratio articulated by the United States Supreme court in State Farm v. Campbell.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendants plead the limitations on punitive damages set forth in the United States Supreme Court's decision in Cooper Indus, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), including the issue of whether punitive damages is an issue to be decided by the jury.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages violates the rights of Defendants to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial of punitive damages set forth in Alabama case law and cases such as Hammond v. City of Gadsden and Green Oil Company v. Hornsby is unconstitutionally vague and inadequate in the following respects:

(a)    The Hammond and Green Oil procedure provides no clearly defined standards for courts to apply in reviewing punitive damages;

(b)    The Hammond and Green Oil procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendants;

(c)     The <u>Hammond</u> and <u>Green Oil</u> procedure provides inadequate review and a vague standard regarding the relationship of the punitive damages award to the harm;

(d)     The <u>Hammond</u> and <u>Green Oil</u> procedure does not address or cure the lack of guidelines given the jury in the assessment of punitive damages;

(e)     The procedure is inadequate in that the trial court according to <u>Hammond</u> and <u>Green Oil</u> "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

(f)     The <u>Hammond</u> and <u>Green Oil</u> procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants expressly reserve the right to amend their answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of additional defenses.

/s/ SHAUN RAMEY
Shaun Ramey
Meaghan E. Ryan
Attorneys for Defendants

Lasalle Bank National Association, as Trustee for Certificates Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Mortgage Electronic Registration Systems, Inc.; EMC Mortgage Company; and Bank of America, National Association

**OF COUNSEL:**

Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:   (205) 930-5100
Fax:   (205) 930-5335

## CERTIFICATE OF SERVICE

    I hereby certify that on the 7th day of January 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

        Nick Wooten, Esq.
        Wooten Law Firm, P.C.
        P. O. Box 290
        10 Second Avenue S.E.
        LaFayette, AL 36862

        Sydney S. Smith, Esq.
        Smith & Smith, PC
        1503 Broad Street
        Phenix City, AL 36867

        Sandy G. Robinson, Esq.
        Cabaniss, Johnston, Gardner,
          Dumas & O'Neal, LLP
        P. O. Box 2906
        Mobile, AL 36652

                            /s/ SHAUN RAMEY
                            OF COUNSEL