IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS HORACE, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LASALLE BANK NATIONAL )<br>ASSOCIATION, AS TRUSTEE FOR )<br>CERTIFICATE HOLDERS OF BEAR )<br>STEARNS ASSET BACKED SECURITIES )<br>I LLC, ASSET BACKED CERTIFICATES, )<br>SERIES 2006-EC2; BEAR STEARNS )<br>ASSET BACKED SECURITIES I LLC, )<br>ASSET BACKED CERTIFICATES, SERIES )<br>2006-EC2; MORTGAGE ELECTRONIC )<br>REGISTRATION SYSTEMS, INC.; ENCORE )<br>CREDIT CORPORATION; EMC MORTGAGE )<br>COMPANY; BANK OF AMERICA, et al., )<br>)<br>    Defendants. ) | CASE NUMBER:<br>3-08-cv-01019 |

## REPORT OF THE PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), this Court's Order of January 7, 2009, and Form 52 of the Appendix of Forms to the Federal Rules of Civil Procedure, the parties to this litigation jointly submit this Report of the Parties' Planning Meeting. In support thereof, the Parties state that the dates submitted are longer than those typically required by this Court because there is a motion to remand pending which may delay the action.

1. The following persons participated in a Rule 26(f) conference on February 5, 2009 by telephone:

Nick Wooten, attorney for Plaintiff Phyllis Horace.

DOCSBHM\1608544\2\

Shaun Ramey, attorney for Defendants Lasalle Bank National Association, as Trustee for Certificates Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Mortgage Electronic Registration Systems, Inc.; EMC Mortgage Company; and Bank of America, National Association.

To date, defendant Encore Credit Corporation has not appeared.

2. <u>Initial Disclosures</u>.  The parties will complete the initial disclosures required by Rule 26(a)(1) by March 13, 2009.

3. <u>Discovery Plan</u>. The parties propose this discovery plan:

(a) Discovery will be needed on these subjects: payments allegedly made by Plaintiff, amounts allegedly credited or not credited for those payments by Defendants, amounts charged to the account and whether any such fees were invalid, loss mitigation steps taken prior to foreclosure, whether any of the Defendants had standing to foreclose the home in question, including whether the foreclosing entity was the owner of the mortgage debt at the time of foreclosure, and whether the loan extended to Plaintiff was "unsuitable" and if so, whether that supports a basis for liability.

(b) All discovery must be commenced in time to be completed by September 25, 2009.

(c)     A maximum of forty (40) interrogatories for each party to any other party. Responses are due thirty (30) days after service.

(d)     A maximum of thirty (30) requests for admission from each party to any other party will be allowed. Responses are due thirty (30) days after service.

(e)     A maximum of ten (10) fact depositions per party will be allowed.

(f)     Each deposition limited to seven (7) hours unless extended by agreement of the Parties.

(g)     Reports from retained experts under Rule 26(a)(2) will be due from the Plaintiff by August 28, 2009 and from the Defendants by September 11, 2009. Plaintiff is to tender her experts for deposition on or before September 11, 2009. Defendants are to tender their experts for deposition on or before September 25, 2009.

(h)     All Parties are to supplement their disclosures under Rule 26(e) by August 28, 2009.

4.     Other Items:

(a)     The Parties do not request a conference with this Court before the entry of a scheduling order.

(b) The Parties request a Pretrial Conference in early January 2010.

(c) The Plaintiff requests until July 10, 2009 to join additional parties and amend the pleadings.

(d) The Defendants request until July 17, 2009 to join additional parties and amend the pleadings.

(e) All potential dispositive motions will be filed by October 12, 2009. Reponses to dispositive motions are due October 26, 2009. Any replies thereto are due November 2, 2009.

(f) The Parties have already initiated settlement discussions. Assuming the Parties cannot reach an early settlement, they will strive to revisit the subject after some basic discovery has been taken and no later than the conclusion of fact discovery.

(g) At this time, the Parties do not think alternative dispute resolution would be helpful. The Parties, however, will revisit the subject particularly if they discuss settlement after some discovery has taken place.

(h) Final lists of witnesses and exhibits under Rule 26(a)(3) due by December 29, 2009.

(i) Objections to witness and exhibit lists are due by January 5, 2009.

(j)     The Parties, per this Court's trial calendar, state that the case should be ready for trial by this Court's jury trial term commencing January 19, 2010 in Opelika and at this time, should last three (3) days (excluding jury selection).

/s/ NICK WOOTEN
Nick Wooten
Attorney for Plaintiff
Phyllis Horace

Wooten Law Firm, P.C.
P.O. Box 3389
Auburn, AL 36831
(334) 246-4409


/s/ SHAUN RAMEY
Shaun Ramey
Meaghan E. Ryan
Attorneys for Defendants
Lasalle Bank National Association, as Trustee for Certificates Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Mortgage Electronic Registration Systems, Inc.; EMC Mortgage Company; and Bank of America, National Association

Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel:  (205) 930-5100
Fax:  (205) 930-5335