**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PHYLLIS HORACE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CERTIFICATE HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2006-EC2; BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET BACKED CERTIFICATES, SERIES 2006-EC2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ENCORE CREDIT CORPORATION; EMC MORTGAGE COMPANY; BANK OF AMERICA, et al.,**<br><br>**Defendants.** | ) | **CASE NUMBER: 3-08-cv-01019** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COME NOW, Lasalle Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Mortgage Electronic Registration Systems, Inc.; EMC Mortgage Company; and Bank of America, National Association[1] (collectively, the "Defendants"), and file this response to Plaintiff's Motion to Remand. In support thereof, Defendants state as follows:

**PROCEDURAL BACKGROUND**

Plaintiff Phyllis Horace ("Plaintiff") filed this lawsuit in the Circuit Court of Russell County, Alabama on November 11, 2008. On December 29, 2008, Defendants removed

---

1 Incorrectly named in the Complaint as simply Bank of America.

the lawsuit to this Court because this Court has subject matter jurisdiction by virtue of diversity because the parties are diverse in citizenship and the amount in controversy—the value of the mortgage (originally $283,500.00 and currently $300,263.63) which Plaintiff alleges was negligently and wantonly procured—is satisfied by a preponderance of the evidence.

On January 27, 2008, Plaintiff filed a Motion to Remand. In support thereof, Plaintiff asserts that the lawsuit is due to be remanded based upon the following: (1) Defendants have submitted to state court jurisdiction by initiating a *non-judicial* foreclosure, and thus, Plaintiff's lawsuit is in the nature of a counterclaim; (2) the lawsuit is an *in rem* proceeding (despite the fact that Plaintiff also seeks an unspecified amount of compensatory and punitive damages), and thus, the state court is entitled to retain jurisdiction over the *res* by virtue of the temporary restraining order (TRO), although there is no competing state court lawsuit to this case (the action is currently before this Court by virtue of removal); and (3) Defendants have not satisfied the amount in controversy despite the fact that Plaintiff alleged in her Complaint that she was damaged by "accepting [a $283,500] loan to her detriment." Plaintiff's Motion does not contest that the parties are diverse in citizenship.

## ARGUMENT

### I. Defendants Did Not Submit to the Jurisdiction of State Court By Initiating a *Non-Judicial* Foreclosure, and Thus, Plaintiff's Lawsuit is Not in the Nature of a Counterclaim.

Plaintiff offers two related, and very novel, reasons to support her contention that this lawsuit is due to be remanded: (a) Defendants submitted to the jurisdiction of state court by virtue of commencing a *non-judicial* foreclosure, and (b) Plaintiff's lawsuit is in the nature of a counterclaim and, hence, is not removable. Plaintiff makes these novel assertions, however,

without offering any direct legal authority to support her contentions. Legal support is lacking for the simple fact that no lawsuit of any type was pending until Plaintiff filed this lawsuit. Thus, Defendants could not have submitted to the jurisdiction of state court, and Plaintiff's claims are not legally classified as counterclaims.

The only act Defendants had taken at the time Plaintiff filed her lawsuit was to initiate a *non-judicial* foreclosure. A non-judicial foreclosure under a power of sale in a mortgage is, by its very definition, a foreclosure without resort to legal process. The process of foreclosing in this manner does not create a "legal action" to which counterclaims can be filed. See, e.g., Chomilo v. Shapiro, Nordmeyer & Zielke, LLP, 2007 WL 2675795, *3 n.3 (D. Minn. 2007) (non-judicial foreclosure deemed not to constitute a "legal action" for liability under FDCPA); First Phoenix Realty Investments v. Superior Court in and For County of Maricopa, 841 P.2d 1390, 1392 (Ariz App. Ct. 1992) ("A nonjudicial proceeding cannot be a 'pending action' because it is entirely extrajudicial.")

A non-judicial foreclosure pursuant to a power of sale is a private transaction, as opposed to a judicial proceeding. The remedy is typically less expensive and more time-efficient than judicial foreclosure because no court oversight is involved. Furthermore, the right to foreclose via a power of sale clause is granted by the contractual agreement of the parties, not the Alabama legislature. Most jurisdictions view the power of sale clause as a bargained-for contractual power based in the mortgage itself. Leininger v. Merchants & Farmers Bank, Macon, 481 So. 2d 1086, 1089 (Miss. 1996) (holding that mortgage foreclosures through power of sale agreements are not powers of a governmental nature but are instead private actions authorized by contract).

No Alabama statute confers upon the parties to a mortgage a "right" to a non-judicial foreclosure —that right is created by the parties' contract through a power of sale provision. The Alabama statutes dealing with non-judicial foreclosure through a power of sale merely recognize the validity of the contractual right and regulate its use. See Ala. Code (1975) §§ 35-10-1 et seq; § 35-10-12. Furthermore, Alabama Code (1975) § 35-10-3 recognizes the mortgagee's right to bring either a judicial or non-judicial foreclosure action. By initiating a non-judicial foreclosure proceeding, Defendants made an affirmative choice to refrain from submitting to the jurisdiction of either Alabama state or federal courts to foreclose the property.[2] Thus, Defendants did not submit to any court's jurisdiction by initiating non-judicial foreclosure in this case.

The fact that paragraph 22 of the mortgage may notify the borrower of her right to bring a court action to assert the non-existence of a default or any other defense to acceleration does not alter the analysis. In fact, paragraph 22 does not create a "right" at all; rather, it notifies the debtor that he/she has rights. See Mortgage, attached as Exhibit "A" hereto. Furthermore, paragraph 22 does not instruct the debtor that his/her right only exists in state court, nor does it contain language that would prevent a lender from removing the matter to federal court.

Because Defendants initiated a non-judicial foreclosure, Plaintiff claims that her lawsuit (which contains, among other things, a TRO) is in the nature of a counterclaim and, hence, is not removable. See Plaintiff's Motion to Remand at p.4. Defendants concede that not every TRO filed to prevent a foreclosure is removable, particularly if the mortgage is for less

[2] Defendants assert that if they had filed a judicial foreclosure, it could have filed such an action in state or federal court by virtue of diversity jurisdiction. Furthermore, while Ala. Code (1975) § 6-3-2(b)(1) provides that the proper venue for actions involving real estate is the county where the real estate is located, this statute does not preclude an action being filed in the federal court (if jurisdiction exists) that encompasses that county.

than $75,000. In her Motion to Remand, however, Plaintiff appears to forget that she filed a lawsuit not only to enjoin a non-judicial foreclosure, but also to recover damages. Indeed, this Court primarily has jurisdiction over this case because Plaintiff's lawsuit seeks an unspecified amount of damages as a result of negligent acts which allegedly occurred during the procurement of the loan. See, e.g. Complaint at ¶ 92. These acts, according to Plaintiff's Complaint, were so severe that she was damaged by "accepting the [$283,500] loan to her detriment." Id. at ¶ 74. Thus, it is clear that Plaintiff's claims are removable not simply because she filed a TRO to prevent a foreclosure, but because she seeks an uncalculated amount of damages premised upon the negligent and fraudulent procurement of a mortgage.

Likewise, Plaintiff's contention that she was going to file a motion to have the parties realigned is without merit. See Plaintiff's Motion to Remand at pp. 4 and 8. Assuming arguendo that such a motion was filed and that Defendants were deemed the proper party plaintiffs, what would be their cause of action? There currently is no cause of action pending for Defendants, and it is not for a court to unilaterally convert Defendants' non-judicial foreclosure into a judicial action in order to *create* a cause of action, particularly when Defendants made the conscious decision not to pursue this remedy in the court system. In Douglas v. Federal Deposit Insurance Corp., the 5th Circuit Court of Appeals interpreted Texas law which, like Alabama law, provides both judicial and non-judicial foreclosure rights and stated that "a borrower should not be able to force its lender to elect judicial foreclosure by merely filing an action challenging the validity of a note." 979 F.2d 1128, 1130 (5th Cir. 1992). The court went on to state:

> [T]he mortgagor should not be permitted to destroy or impair the mortgagee's contractual right to foreclose under the power of sale by the simple expedient of instituting a suit, whether groundless or meritorious, thereby compelling the mortgagee to abandon the extra-judicial foreclosure which he had the right to elect, nullifying

> his election, and permitting the mortgagor to control the option as to remedies.

Id. (quoting Kaspar v. Keller, 466 S.W.2d 326, 329 (Tex. Civ. App. 1971)). Consequently, Plaintiff's contention that her Complaint is in the nature of a counterclaim to a claim (judicial foreclosure) that she legally cannot impose upon Defendants is not well taken, and her Motion to Remand is due to be denied.

## II. Plaintiff's Lawsuit, Which Seeks an Unspecified Amount of Compensatory and Punitive Damages, is Not an *In Rem* Proceeding.

Plaintiff's lawsuit is not related to the state court seizing the property in question, its partition, or its distribution, which are commonly classified as *in rem* actions. See Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466 (1938) (principle that court first assuming jurisdiction over the property may maintain the action applies to seizure cases and to suits brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property). Rather, Plaintiff's lawsuit, at least in part, is an action to *enjoin* Defendants from foreclosing the property.

While the property might be the basis for the parties' relationship, Plaintiff seeks not just to enjoin Defendants from foreclosing the property, but she also seeks an unspecified amount of damages as a result of alleged negligence and fraud associated with the procurement of the mortgage. These damages are the true gravamen of Plaintiff's Complaint, and they do not constitute a *res* over which the state court has exercised jurisdiction. Thus, the *in rem* cases cited by Plaintiff in her Motion to Remand are irrelevant to this lawsuit, which does not constitute an *in rem* proceeding.

In addition, the *in rem* cases cited by Plaintiff in support of her Motion to Remand are distinguishable from the current case because each of the *in rem* cases cited by Plaintiff involved *two separate lawsuits* that had been filed concerning the same property. See e.g., Mandeville v. Canterbury, 318 U.S. 47 (1943) (jurisdiction in federal court deemed not exclusive between two cases brought in state and federal court concerning construction of a will when suit brought in federal court was deemed to be a "suit in personam" since it concerned only the plaintiff's interest in the trust property); Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456 (1938) (discussing interplay between suit filed in state court for specific performance of trust agreement and suit filed in federal court for removal of the trustees and a settlement of their account); Farmers' Loan & Trust Co. v. Lake Street Elevated R.R. Co., 177 U.S. 51 (1900) (two actions filed, one in federal court to foreclose a mortgage and one in state court to enjoin the foreclosure). In contrast, the current lawsuit merely concerns the *removal of the same action.* Thus, unlike the *in rem* cases cited by Plaintiff, there are no concerns in this case with comity or concurrent jurisdiction. See generally C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure, § 3631 n. 17-19. Indeed, in Kern v. Huidekoper, which involved a removed case based on diversity jurisdiction similar to the present case, the United States Supreme Court stated:

> When the prerequisites for removal have been performed, the paramount law of the land says that the case shall be removed, and the case and the *res* both go to the Federal court. The fact that the State court, while the case was pending in it, had possession of the subject matter of the controversy, cannot prevent the removal, and when the removal is accomplished, the State court is left without any case, authority, or process by which it can retain possession of the *res*. . . There is no interference with the rightful jurisdiction of the State court, and no wresting from its possession of property which it has the right to retain.

103 U.S. 485, 491 (1880). Like Kern, if this federal court retains jurisdiction, it can not infringe upon the state court or issue rulings incompatible with that court since the state court would no longer have a pending action. Consequently, even if the current action could be deemed *in rem*, which Defendants dispute, the fact that it is *in rem* has no impact on whether it is removable.

### III.    The Amount-in-Controversy Has Been Satisfied.

Plaintiff does not dispute that the citizenship of the parties is diverse. She does, however, contend that Defendants failed to prove by a preponderance of the evidence that the amount-in-controversy ($75,000) has been satisfied. This low standard of proof is permitted since Plaintiff seeks an unspecified amount of compensatory and punitive damages. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citing Tapscott v. M.S. Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996) overruled on other grounds Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000)).

Defendants have easily satisfied this burden by citing specifically to the allegations in Plaintiff's Complaint and the mortgage at issue. A defendant may introduce evidence regarding damages arising from a source such as a contract provision when evaluating the amount-in-controversy. Lowery v. Alabama Power Co., 483 F.3d 1184, 1214 n.65 (11th Cir. 2007). The Complaint and the mortgage prove that Plaintiff seeks, among other things, damages "in contract and tort for the actions of the defendants with respect to their servicing and foreclosure on the loan in question." See Complaint at ¶ 8. The original value of the mortgage loan was $283,500. See Mortgage. Plaintiff stated that the mortgage loan advanced to her was unsuitable for her needs. See Complaint at ¶¶ 14 and 33. Indeed, per the Plaintiff, "as a proximate result of the defendant's suppression, the plaintiff acted by accepting the loan to his [sic] detriment." See Complaint at ¶ 74. Thus, according to the Plaintiff, but for Defendants'

actions, Plaintiff would not have entered into the loan for $283,500. Consequently, it is clear that the amount-in-controversy has been satisfied, and Plaintiff's Motion to Remand is due to be denied because subject matter jurisdiction by virtue of diversity has been satisfied.

**WHEREFORE**, Defendants respectfully requests that this Court deny Plaintiff's Motion to Remand and retain jurisdiction of this case.

/s/ SHAUN RAMEY
Shaun Ramey
Meaghan E. Ryan
Attorney for Defendants

Lasalle Bank National Association, as Trustee for Certificates Holders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2006-EC2; Mortgage Electronic Registration Systems, Inc.; EMC Mortgage Company; and Bank of America, National Association

**OF COUNSEL:**

Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5335

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Nick Wooten, Esq.
Wooten Law Firm, P.C.
P. O. Box 290
10 Second Avenue S.E.
LaFayette, AL 36862

Sydney S. Smith, Esq.
Smith & Smith, PC
1503 Broad Street
Phenix City, AL 36867

Sandy G. Robinson, Esq.
Cabaniss, Johnston, Gardner,
Dumas & O'Neal, LLP
P. O. Box 2906
Mobile, AL 36652

/s/ SHAUN RAMEY
OF COUNSEL