IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
PHYLLIS HORACE,                  )
                                 )
    Plaintiff,                   )
                                 )     CIVIL ACTION NO.
    v.                           )       3:08cv1019-MHT
                                 )           (WO)
LaSALLE BANK NATIONAL            )
ASSOCIATION, as trustee          )
for Certificate Holders          )
of Bear Stearns Asset            )
Backed Securities I LLC,         )
Asset Backed Certificates,       )
Series 2006-EC2, et al.,         )
                                 )
    Defendants.                  )
```

OPINION AND ORDER

Plaintiff Phyllis Horace brought this lawsuit in state court seeking damages arising out of an improper loan and attempted foreclosure by defendant LaSalle Bank National Association and other defendants. LaSalle Bank removed this lawsuit based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1441, 1331. Horace now moves for remand arguing, inter alia, that the bank has failed to demonstrate that the $ 75,000 amount-in-controversy

requirement is met in this case. Because the court agrees that the amount-in-controversy requirement is not met, Horace's remand motion will be granted.

I.

LaSalle Bank contacted Horace in October 2008 informing her that $ 300,263.63 was due on her two-year adjustable-rate mortgage and that it intended to foreclose on her property in November. Before the bank could foreclose, however, Horace filed this action in state court, where she obtained a temporary-restraining order to enjoin foreclosure until that court could hear evidence in the case. LaSalle Bank then removed the case to this federal court.

Essentially, Horace alleges that LaSalle Bank engaged in predatory lending, giving her the loan knowing she would never be able to repay and intending to gain a windfall from foreclosure. She therefore brings a variety of claims against the bank, including negligent-

and wanton-mortgage servicing, unjust enrichment, wrongful foreclosure, and breach of contract.

## II.

For purposes of removal pursuant to diversity-of-citizenship jurisdiction, where damages have not been specified by the plaintiff, a removing defendant has the burden of proving by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement for diversity jurisdiction is met.  Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002).  The defendant must do so by presenting documents received from the plaintiff "which contain an unambiguous statement that clearly establishes federal jurisdiction." Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n. 63 (11th Cir. 2007).  The court may not "speculate in an attempt to make up for the notice's failings."  Id. at 1213.  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or

readily deducible from them, then the court has jurisdiction.  If not, the court must remand." Id. at 1211.

Finally, "Removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are to be resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### III.

LaSalle Bank admits that the "true gravamen" of Horace's complaint is the "unspecified amount of damages" she seeks "as a result of alleged negligence and fraud associated with the procurement of the mortgage." Defs.' Resp. M. Rem. at 6 (doc. no. 31).  Nevertheless, the bank contends that the $ 75,000 amount-in-controversy requirement is met simply because the original value of the mortgage was $ 283,500.  The court disagrees.

Horace does not claim that there is no mortgage on

4

her property or that her property should be wholly free from encumbrance; in other words, the entire value of the mortgage is not at issue.  Rather, Horace seeks damages for LaSalle Bank's wrongful conduct in procuring the mortgage.

The notice of removal contains very few facts.  There is certainly nothing on the face of the complaint unambiguously stating how much Horace seeks in damages, nor can the court "readily deduce" the damages simply by looking to the value of the underlying mortgage.  Any attempt to determine the amount in controversy based on the notice of removal would thus require the court to engage the kind of unguided speculation explicitly prohibited by Lowery.  Therefore, this case will be remanded to state court*

_____

* This decision finds support in Wood v. Option One Mortg. Corp., 580 F. Supp. 2d 1248 (N.D. Ala. 2008) (Hopkins, J.), where the court also remanded an action based on wrongful foreclosure and improper mortgage.  In that case, the mortgage obligation was $ 145,000, but the court remanded, explaining that Lowery prevented the defendant from removing the case based simply on
(continued...)

Finally, because the court determines that this case should be remanded for want of subject-matter jurisdiction, it is unnecessary to consider the other arguments presented in Horace's motion to remand.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Phyllis Horace's motion to remand (doc. no. 25) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Russell County, Alabama for want of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 17th day of February, 2009.

        /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE

---

(...continued)
plaintiffs "assertion of claims for wrongful foreclosure and improper mortgage charges and their demand for unspecified compensatory and punitive damages." Id. at 1252.